Sheppard

August 19, 2026

+1.212.634.3057
pgarrity@sheppard.com

**VIA ECF**

Hon. Paul A. Engelmayer
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re: Civil Action No. 25-cv-09363-PAE
*Blast Off Media Inc. v. Downtown Music Capital, LLC et al.*

Dear Judge Engelmayer:

This firm represents Downtown Music Capital, LLC, Downtown Music LLC and Downtown Music Holdings LLC (collectively, "Downtown") in the above-referenced matter. Pursuant to Sections 1 and 4.B of Your Honor's Individual Rules and Practices in Civil Cases, the Court's Standing Order 19-MC-00583, and Section 6 of the Court's Electronic Case Filing Rules & Instructions, Downtown respectfully submits this letter motion to seal portions of Downtown's Counterclaims (and exhibits thereto), with the redacted version available for public view. Downtown's Counterclaims (and exhibits thereto) reference confidential, personal, and commercially sensitive business information relating to Downtown's YouTube Monetization Agreement (the "Agreement") with Blast Off Media Inc. ("Blast Off"), references to which have been redacted. Downtown's Counterclaims contain the same confidential and commercially-sensitive business information the Court has previously ordered to be sealed in this Action.

I. Legal Standard

Federal Rule of Civil Procedure 5.2(d) states that the Court "may order that a filing be made under seal without redaction[,]" and that the Court "may later unseal the filing or order the person who made the filing to file a redacted version for the public record." Fed. R. Civ. P. 5.2(d). Courts employ a three-step inquiry in determining whether a document should be sealed. *See Samsung Elecs. Co., Ltd. v. Microchip Tech. Inc.*, 748 F. Supp. 3d 257, 261 (S.D.N.Y. 2024) (approving sealing motion that was "narrowly tailored to prevent unauthorized dissemination of confidential business information"). First, courts determine whether the document is a "judicial document" that is entitled to a presumptive right of public access; second, courts evaluate the weight of the presumption of access; third, courts weigh countervailing "factors 'that legitimately counsel' against public access." *Id.* (quoting *Fairstein v. Netflix, Inc.*, Case No. 20-cv-8042 (PKC), 2023 WL 6164293, at *1 (S.D.N.Y. Sept. 21, 2023)). Judicial documents "are those documents 'relevant to the performance of the judicial function and useful in the judicial process.'" *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F.

Supp. 2d 630, 649-50 (S.D.N.Y. 2011) (granting motion to seal documents containing "highly proprietary material concerning the defendants' marketing strategies, product development, costs and budgeting."); *see also Rubik's Brand Ltd. v. Flambeau, Inc.*, No. 17CV6559PGGKHP, 2021 WL 1085338, at *1-2 (S.D.N.Y. Mar. 22, 2021) (sealing documents where they "contain confidential information concerning marketing strategy" and other "commercially sensitive" information). In determining the weight of the presumption, matters that directly affect an adjudication are entitled to the strongest presumption of access. *Averbach v. Cairo Amman Bank*, Case No. 19-CV-0004-GHW-KHP, 2023 WL 4144758, at *2 (S.D.N.Y. June 23, 2023) (granting motion to seal in part to protect private banking information).

"'[D]ocuments may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (quoting *Matter of N.Y. Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)). Courts have recognized that the protection of sensitive business information is a "higher value" that may outweigh the strong presumption of public access, particularly where redactions of the information are narrowly tailored. *See Kewazinga Corp. v. Google LLC*, Case No. 20 Civ. 1106 (LGS), 2024 WL 3442428, at *2 (S.D.N.Y. July 17, 2024) ("Examples of 'higher values' include . . . the confidentiality of sensitive commercial information" (citation omitted)); *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (approving redactions "limited to specific business information and strategies"); *Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998) (sealing "[c]onfidential business information" that "may provide valuable insights into a company's current business practices"). "[C]ourts routinely seal documents to prevent the disclosure of confidential business information." *Rauch Indus., Inc. v. Heart Artist LLC*, Case No. 25 Civ. 7950 (JHR) (GS), 2025 WL 3209412, at *3 (S.D.N.Y. Nov. 17, 2025) (collecting cases). Confidential business information that courts have found appropriate to redact includes "confidential information about . . . business models, including details of . . . sources of revenue," *Samsung Elecs. Co., Ltd.*, 748 F. Supp. 3d at 261; information that may cause "financial harm" or "a significant competitive disadvantage," *Standard Inv. Chartered, Inc. v. Fin. Indus. Regul. Auth., Ind.*, 347 Fed. App'x 615, 617 (2d Cir. 2009) (internal quotations and citations omitted); and sensitive information related to the parties' relationship, *PDV Sweeny, Inc. v. ConocoPhillips Co.*, Case No. 14–cv–5183 (AJN), 2014 WL 4979316, at *3 (S.D.N.Y. Oct. 6, 2014) ("sealing is appropriate with respect to those documents on the basis of their containing sensitive commercial information affecting the parties' ongoing relationship").

## II. Downtown's Interest in Maintaining Confidentiality Outweighs The Presumption of Access

Although a complaint is a judicial document with a strong presumptive right of access, the public's interest in the limited redacted commercial information is outweighed by Downton's interest in maintaining the confidentiality of its commercially sensitive information. Consistent with the Court's prior order sealing information relating to the Agreement, (ECF No. 10), Downtown: 1) seeks to redact commercial terms of the Agreement, including financial terms and details of the relationship between Blast Off and Downtown, which the parties agreed would remain confidential; and 2) request that the Court keep the currently sealed Agreement under seal. *See Nielson Consumer LLC v. Circana Grp., L.P.*, Case No. 22-CV-3235 (JPO)(KHP), 2024 WL 990073, at *2 (S.D.N.Y. Mar. 6, 2024) (redacting information that "can fairly be characterized as commercially sensitive business information pertaining to the parties'

relationship that could cause competitive harm") (internal quotations omitted). Disclosure of such information could harm Downtown and Blast Off's other business relationships, impact their business operations, and benefit their competitors. *See Louis Vuitton*, 97 F. Supp. 3d at 511 (approving redactions of "specific business information and strategies, which, if revealed, may provide valuable insights into a company's current business practices that a competitor would seek to exploit.") (internal quotation and citation omitted); *Nielson Consumer LLC*, 2024 WL 990073, at *2 (redacting sensitive information concerning the parties' relationship). In contrast, public interest in the limited redacted information is minimal, as the "the proposed redactions are narrowly tailored to protect against competitive harm." *Kewazinga Corp.*, 2024 WL 3442428, at *2; *see also Hedgeye Risk Mgmt., LLC v. Dale*, Case No. 21-CV-3687 (ALC) (RWL), 2025 WL 2144711, at *3 (S.D.N.Y. July 29, 2025) (approving redactions that were narrowly tailored to seal only that information for which sealing is warranted"). As Downtown proposes filing a public version of the counterclaims and exhibits thereto with limited redactions, most of the documents will remain publicly available. Therefore, the presumption of public access is overcome.

Based on the foregoing and for the reasons recognized by the Court when ruling upon prior motions to seal in this Action (*see* ECF No. 10), Downtown respectfully requests that the Court permit Downtown to file the Counterclaims (and exhibits thereto) under seal and to file a redacted version of the Counterclaims (and exhibits thereto) on the docket for public access. We thank the Court for its consideration of this letter motion.

Respectfully submitted,

Paul W. Garrity
for SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

cc: All parties via ECF

GRANTED.

SO ORDERED.

Date: August 20, 2026
New York, New York

PAUL A. ENGELMAYER
United States District Judge