BALLON STOLL P.C.

COUNSELLORS AT LAW FOUNDED 1931

1675 BROADWAY
14TH FLOOR
NEW YORK, NY 10019
www.ballonstoll.com
Leon Borstein, ESQ.
(212) 575-7900
lborstein@ballonstoll.com

**VIA E-COURT**

September 9, 2026

Hon. Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

**Re: *Blast Off Media Inc. v. Downtown Music Capital, LLC, et al.*, No. 1:25-cv-09363 (PAE): Threshold Question of Subject-Matter Jurisdiction**

Dear Judge Engelmayer,

This firm was recently retained as substitute counsel for plaintiff Blast Off Media Inc. ("Blast Off"). Upon undertaking our review of the record, and in advance of the initial pretrial conference scheduled for September 16, 2026, we respectfully write to bring to the Court's attention an apparent threshold defect in subject-matter jurisdiction. We conferred with Defendant's counsel regarding the substance of this letter before writing to the Court. Defendant's counsel advised us that they are reviewing applicable facts and law that might bear on this question, do not yet take a position on the matter, and would consent to a request to adjourn the Initial Scheduling Conference (and thereby extend the deadline for filing of the parties' joint letter and case management plan) to allow time to hopefully come to consensus. We would hope to provide the Court with a joint letter of counsel and on that basis do request a short adjournment to resolve the issues raised below.

As explained below, the pleadings and the parties' own corporate-disclosure statements state that there are non-United States citizen entities on both sides of this action with no citizen of any U.S. State on either side. ECF No. 4, 18, 19, 20. That would mean there is no complete diversity. See e.g. *JPMorgan Chase Bank v. Traffic Stream (BVI) Infrastructure Ltd.*, 536 U.S. 88 (2002); *Bayerische Landesbank, New York Branch v Aladdin Capital Mgt. LLC*, 692 F3d 42 (2d Cir 2012); *Universal Licensing Corp. v Paola del Lungo S.p.A.*, 293 F3d 579, 581 (2d Cir 2002). The point appears not to have been raised by any party or prior counsel to date and the Court has not ruled on it previously. As subject-matter jurisdiction is non-waivable and may be raised at any time, in good faith we respectfully raise it now.

**a. The Complaint invokes diversity as the sole basis for federal jurisdiction.**

Blast Off's pleading rests jurisdiction exclusively on 28 U.S.C. § 1332. Section 1332(a) extends diversity jurisdiction to actions between "citizens of a State and citizens or subjects of a foreign state" (id. at (a)(2)) and between "citizens of different States" with foreign citizens as additional parties (id. at (a)(3)). Each each branch that admits aliens still requires a citizen of a U.S. State on at least one side.

**b. Both sides of this action are non-United States entity aliens.**

Blast Off is a corporation organized under the laws of Canada, as disclosed in Rule 7.1 statement. ECF No. 4. A corporation organized under the laws of a foreign state is, for jurisdictional purposes, a

citizen or subject of that foreign state. See eg *JPMorgan Chase Bank, supra.* (describing history of alienage jurisdiction). Blast Off is therefore a non-United States citizen entity and an alien.

Each defendant is likewise a non-United States citizen entity and an alien. As the Court noted in its November 17, 2025 Order, "[t]he citizenship of a limited liability company is the citizenship of each of its members." ECF No 11. The Downtown defendants are all Delaware LLCs, but Defendants' own later filed Rule 7.1 corporate-disclosure statements (ECF Nos. 18, 19 and 20) certify that every membership chain terminates in Downtown Music Holdings LLC's sole member: Downtown Music Holdings (IOM) Limited, "a limited company organized under the laws of, and with its principal place of business in, the Isle of Man." (ECF No. 19). Downtown Music Capital, LLC is a subsidiary of Downtown Music Holdings LLC (ECF No. 18). Downtown Music LLC is an indirect subsidiary of the same Isle of Man company through Downtown Music Publishing LLC and Downtown Music Holdings LLC (ECF No. 20). Each defendant is therefore a non-United States citizen entity and an alien as well.

**c. Aliens on both sides defeat diversity.**

As noted above, diversity is lacking "where the only parties are foreign entities, or where on one side there are citizens and aliens and on the opposite side there are only aliens." *Universal Licensing Corp.*, 293 F.3d *supra at 581*. That an entity maintains a principal place of business in New York does not change the result: "[e]ven if a corporation organized under the laws of a foreign nation maintains its principal place of business in a State, and is considered a citizen of that State, diversity is nonetheless defeated if another alien party is present on the other side of the litigation." *id.* Here, aliens sit on both sides of the caption and no citizen of a U.S. State is a party. This action therefore falls outside § 1332(a). *Bayerische Landesbank, supra.* ("We have diversity jurisdiction over cases between citizens of the United States and citizens of foreign states, but we do not have diversity jurisdiction over cases between aliens.").

**d. The recent Virgin/Universal transaction does not cure the defect.**

We recognize that Defendants' Answer (ECF Nos. 57–58) denies that Downtown Music Holdings (IOM) Limited remains the ultimate member and states that the Virgin Music Group (a division of Universal Music Group) transaction has now closed. That development does not create jurisdiction.

The reason is that diversity is assessed as of the commencement of the action, and the party invoking federal jurisdiction bears the burden of establishing it. See *Universal Licensing Corp.*, supra at 581. When this action was filed in November 2025, the acquisition had not closed and, as Defendants' own disclosures confirm, the ultimate member was the Isle of Man entity. A post-filing change in ownership cannot retroactively supply a jurisdictional basis that was absent at commencement. In any event, Universal Music Group is itself a foreign (Netherlands) entity, and is therefore a citizen of a foreign state under 28 U.S.C. § 1332(c)(1), notwithstanding any principal place of business in California. The addition of another alien to the defense side cannot cure an alien-versus-alien defect.

**e. The counterclaims do not provide an independent anchor.**

Defendants' counterclaims invoke supplemental jurisdiction and, alternatively, § 1332. However, supplemental jurisdiction under 28 U.S.C. § 1367(a) is available only "in any civil action of which the district courts have original jurisdiction." 28 U.S.C.A. § 1367. If the Court lacks original jurisdiction over Blast Off's claims, there is no anchor to which the counterclaims can attach, and an independent § 1332 basis fails for the same alien-versus-alien reason.

**f. Relief requested.**

Subject-matter jurisdiction "is an unwaivable sine qua non for the exercise of federal judicial power" (*Curley v. Brignoli, Curley & Roberts Assocs.*, 915 F.2d 81, 83 (2d Cir. 1990)), and "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Mindful of our obligation of candor and of the Court's interest in resolving jurisdiction as a threshold matter, we respectfully request that the Court address this issue at or before the September 16, 2026 conference, and grant leave for Blast Off to submit a short letter brief or motion under Rule 12(h)(3), if necessary, on a schedule convenient to the Court. We are prepared to confer further with defense counsel regarding the citizenship of the parties as of the date of filing and to submit a joint or separate letter as the Court prefers. On this basis we respectfully submit that a short adjournment would be appropriate under the circumstances to give the parties time to attempt an agreement.

We thank the Court for its attention to this matter.

Respectfully submitted,

Leon Borstein

cc: All counsel of record (via ECF)