**BALLON STOLL P.C.**

*COUNSELLORS AT LAW* *FOUNDED 1931*

1675 BROADWAY, FL 14
NEW YORK, NY 10019
Ph: 212-575-7900
Fax: 212-764-5060
www.ballonstoll.com

September 10, 2026

***Via ECF***
Hon. Paul A. Engelmayer
Southern District of New York
40 Foley Square
New York, New York 10007

**Re:** *Blast Off Media Inc. v. Downtown Music Capital, LLC, et al., No. 1:25-cv-09363 (PAE)*

Dear Judge Engelmayer:

The parties submit this joint letter pursuant to Rule 2.D.1 of Your Honor's Individual Rules and Practices in advance of the initial pretrial conference scheduled for September 16, 2026. A proposed Civil Case Management Plan and Scheduling Order is submitted herewith.

Description of the Case

This is a contract dispute arising out of a YouTube Monetization Agreement dated August 22, 2025 (the "Agreement"), under which Downtown agreed to monetize and administer Blast Off's catalog of music tracks on YouTube in exchange for exclusive distribution rights, advances, and a revenue share. In the Agreement at ¶5, Blast Off represented and warranted that its content would not violate YouTube's policies or terms of service. In the Agreement at ¶8, the parties agreed that neither Party would be deemed to be in breach unless and until the non-breaching Party gave the other Party written notice specifying in reasonable detail the nature of such breach and the notified Party failed to cure such breach within thirty (30) days after receipt of such written notice. On September 25, 2025, Downtown received an Official Warning from YouTube stating "some of your assets have recently been used to circumvent our monetization eligibility requirements. . . . Below are a few of the assets that have led to this notice" and listing two of Blast Off's tracks. On October 2, 2025, Downtown sent Blast Off a letter terminating the Agreement, effective immediately, based on its position that Blast Off materially breached its representations and warranties concerning compliance with YouTube's policies. Blast Off then commenced this suit,

asserting claims for breach of contract, breach of the implied covenant of good faith and fair dealing, fraudulent inducement, unjust enrichment, conversion, tortious interference with business relations, injunctive relief, and declaratory relief. Downtown moved to dismiss the Second Amended Complaint ("SAC"). By Opinion and Order dated August 5, 2026 (Dkt. 54), the Court upheld Blast Off's breach of contract claim and its implied covenant claim (the latter solely to the extent premised on Downtown's alleged delisting of Blast Off's catalog from YouTube), and dismissed the remaining claims of the SAC. On August 19, 2026, Downtown answered and asserted counterclaims for breach of contract and, in the alternative, unjust enrichment, seeking repayment of a $3 million advance that it provided to Blast Off and other relief. Blast Off has answered the counterclaims and denies liability.

*Blast Off's position.*

Blast Off contends that it did not breach the Agreement and that Downtown breached the Agreement by terminating without the written notice of the exact wrongdoing and waiting for the thirty-day cure period required by Section 8, by withholding earned royalties and ceasing monetization, and by delisting Blast Off's entire catalog. Blast Off further contends that any alleged non-compliance involved a small number of tracks used by third-party creators that it was promptly addressed and was neither material nor incapable of cure. Otherwise that any non-compliance was by Downtown. In so far as the termination was ineffective, Blast Off contends that the condition triggering any repayment of the advance under Section 9(e) was never satisfied and that the counterclaims fail.

*Downtown's position.*

Downtown contends that Blast Off materially breached the Agreement by violating Section 5(b), which represented and warranted that Blast Off's content would not violate YouTube's policies, rules, terms of service, or content standards. YouTube's Official Warning confirmed that Blast Off's content was being used to circumvent YouTube's monetization policies in violation of Blast Off's representations and warranties. Downtown's subsequent investigation revealed that 98% of Blast Off's top assets were circumventing or attempting to circumvent YouTube's policies, 40% of Blast Off's total revenue derived from policy-violating activities, and that for September 2025, 83 of the 104 YouTube channels Downtown evaluated (which collectively account for 51% of Blast Off's September revenue) contained content in violation of YouTube's policies.

**BALLON STOLL P.C.**
*COUNSELLORS AT LAW* *FOUNDED 1931*

1675 BROADWAY, FL 14
NEW YORK, NY 10019
Ph: 212-575-7900
Fax: 212-764-5060
www.ballonstoll.com

Downtown's termination of the Agreement (and attendant delisting of Blast Off's catalog) was valid and permitted under the Agreement because the Agreement does not require strict compliance with the notice-and-cure provision where, as here, Blast Off's breaches were pervasive, endemic to its business model, and incapable of cure. Downtown's withholding of revenues was authorized under Section 6 of the Agreement, which permits Downtown to withhold revenue in an amount reasonably related to a third-party claim arising out of Blast Off's breach of its representations and warranties—here, the claim embodied in third-party YouTube's Official Warning Letter. Even if Blast-Off could establish liability (it cannot), Section 7's limitation of liability provision limits the scope of Blast Off's recoverable damages. Downtown asserts counterclaims for breach of contract and unjust enrichment, seeking repayment of the $3 million Execution Advance that Section 9(e) of the Agreement requires Blast Off to return.

Contemplated Motions.

The parties anticipate that, one or both parties may file a motion regarding diversity jurisdiction, and that following the close of discovery, one or both parties may seek summary judgment pursuant to Federal Rule of Civil Procedure 56 and subject to the Court's applicable pre-motion procedures on issues including the Parties' alleged breaches of contract, cure and termination rights under Sections 8 and 9(e), rights to withhold revenue under Section 6, and/or payment and monetization obligations; the effect of Section 7's limitation of liability; Blast Off's breach of contract and implied covenant claims; and Downtown's breach of contract and unjust enrichment counterclaims seeking return of the Execution Advance. The parties do not presently contemplate any other dispositive motions but reserve their respective rights, including to move for partial summary judgment or judgment on the pleadings to the extent they deem appropriate.

Prospect for Settlement.

The parties are not presently discussing settlement. The parties are proceeding with the litigation and will advise the Court if a referral to the assigned Magistrate Judge or the District's Mediation Program would be productive as the case develops.

Respectfully submitted,

**BALLON STOLL P.C.**

By: /s/
Leon Borstein, Esq. (LB8892)
1675 Broadway, FL 14
New York, New York 10019
(212) 575-7900

*Attorneys for Plaintiffs*

**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**

By: /s/
Paul W. Garrity
30 Rockefeller Plaza
New York, New York 10112-0015
(212) 653-8700

*Attorneys for Defendants*

cc: All counsel of record (via ECF)